UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMY LEE CURRY,

    Petitioner,                          Case No. 1:07-CV-877

v.                                                  Hon. Robert J. Jonker

KENNETH T. MCKEE,

    Respondent.

_____/

**ORDER AND JUDGMENT**
**APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 4) filed on September 19, 2007. Petitioner filed his Objection to the Report and Recommendation (docket # 5) on September 28, 2007.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) (Lexis through P.L. 110-180). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Petitioner's objections. After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct.

Petitioner makes one objection to the Report and Recommendation. He claims that his petition should not be denied as time barred because equitable tolling is warranted in this case. Petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (quoting *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)). To carry that burden he must establish that he diligently pursued his rights but that an extraordinary circumstance prevented him from timely filing his petition. *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007). In determining whether equitable tolling is justified in a given case, courts in the Sixth Circuit consider five factors: (1) whether petitioner had actual notice of the filing requirements; (2) whether he had constructive knowledge; (3) how diligently he pursued his rights; (4) whether tolling would prejudice the respondent; and (5) the reasonableness of petitioner's ignorance of his rights. *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) (citing *Wright v. State of Tenn.*, 628 F.2d

949, 953 (6th Cir. 1980)). Ignorance of the law, without more, does not excuse a late filing. *United States v. Baker*, 197 F.3d 211, 218–19 (6th Cir. 1999).

The record does not contain any evidence that Petitioner was attempting to diligently pursue his rights but was prevented from timely filing his petition by some extraordinary circumstance. Petitioner alleges in his objection that his mental capacity was diminished during his trial in the mid 1990s because he was taking prescribed antipsychotic and antidepressant medications. He alleges that he did not stop taking the medications until "some years later." He does not, however, allege that he began to diligently pursue his rights as soon as he stopped taking the medications. Petitioner's allegations are not enough to justify equitable tolling.

Petitioner's allegations do not support the conclusion, necessary to justify equitable tolling, that an extraordinary circumstance prevented him from diligently pursuing his right to file his petition by February 17, 1999. Petitioner filed his habeas petition more than eight years after the statute of limitations expired, and he presents nothing (e.g., an affidavit or verified pleading) to show that he was attempting to diligently pursue his rights but that his medication-induced "diminished mental state" prevented him from pursuing those rights during the whole of the nine years in which he did not file his petition. There is no evidence, for example, that upon regaining his capacity Petitioner promptly began diligent preparation of his petition. For these reasons, and for the reasons discussed in the Report

3

and Recommendation, Petitioner is not entitled to equitable tolling of the statute of limitations.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed September 19, 2007, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Tommy Lee Curry's petition for a writ of habeas corpus is DENIED as time barred; and

2. A certificate of appealability is DENIED.


Dated:   February 6, 2008           /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE